IN THE SUPREME COURT OF PENNSYLVANIA
MIDDLE DISTRICT

**SAYLOR, C.J., BAER, TODD, DONOHUE, DOUGHERTY, WECHT, JJ.**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | No. 23 MAP 2015 |
| | : | |
| Appellant | : | Appeal from the Order of the Superior |
| | : | Court dated July 24, 2014, |
| | : | Reconsideration Denied September 3, |
| v. | : | 2014, at No. 2086 MDA 2013, |
| | : | Reversing the Judgment of Sentence of |
| | : | the Cumberland County Court of |
| JAMES ARTHUR BALL, III, | : | Common Pleas, Criminal Division, dated |
| | : | October 22, 2013, at No. CP-21-SA- |
| Appellee | : | 0000133-2013. |
| | : | |
| | : | ARGUED: November 17, 2015 |
| | : | REARGUED: May 10, 2016 |

**DISSENTING OPINION**

**JUSTICE BAER**                                        **DECIDED: September 28, 2016**

I respectfully dissent from the Majority's determination that the Double Jeopardy

Clauses of the Pennsylvania and United States Constitutions[1] barred the

Commonwealth from prosecuting Appellee for a summary offense at a trial *de novo*,

which occurred as a result of Appellee invoking Pa.R.Crim.P. 462(A) (quoted below) to

appeal a magisterial district judge's decision to convict him only of a lesser-included

offense of the charged summary offense. I reach this conclusion because, in my view,

Appellee waived his double jeopardy defense when he utilized Rule 462(A) to appeal

the conviction entered by the magisterial district judge ("MDJ"). Further, I believe that

---

[1] Pa. Const. art. I, § 10 and U.S. Const. amend. V, respectively.

the Majority's holding will hamper the ability of MDJs to administer justice in this Commonwealth.

Appellee was charged with the summary offense of driving a motor vehicle while his operating privileges were suspended because of a previous driving-under-the-influence conviction, in violation of 75 Pa.C.S. § 1543(b)(1) ("DUS-DUI"). Appellee pled not guilty to this offense, and a summary trial took place in front of a MDJ. Rather than convicting Appellee of the charged offense, the MDJ convicted him of the lesser-included offense of driving a motor vehicle while his operating privileges were suspended, in violation of 75 Pa.C.S. § 1543(a) ("DUS").

Appellee appealed his DUS conviction to the trial court pursuant to Pennsylvania Rule of Criminal Procedure 462(A). Rule 462(A) is entitled "Trial *De Novo*" and provides:

> When a defendant appeals after the entry of a guilty plea or a conviction by an issuing authority in any summary proceeding, upon the filing of the transcript and other papers by the issuing authority, the case shall be heard *de novo* by the judge of the court of common pleas sitting without a jury.

Pa.R.Crim.P. 462(A).

At Appellee's trial *de novo*, the Commonwealth sought to prosecute Appellee for the charged, greater offense of DUS-DUI. Appellee presented an oral motion to dismiss the DUS-DUI charge, taking the position that double jeopardy principles prohibited the Commonwealth from attempting to convict him of DUS-DUI at his trial *de novo* because the MDJ acquitted him of that crime. The trial court ultimately convicted Appellee of DUS-DUI, agreeing with the Commonwealth that, because Rule 462(A) required the court to consider "the case" *de novo*, the case included the charge of DUS-DUI. On appeal, the Superior Court reversed the trial court and discharged Appellee, concluding

that double jeopardy principles barred the Commonwealth from prosecuting Appellee for DUS-DUI at his trial *de novo*.

This Court is asked to determine whether the Commonwealth was prohibited from prosecuting Appellee for DUS-DUI at his trial *de novo*. In answering this question, I first address whether the Rules of Criminal Procedure permitted the Commonwealth to try Appellee for that charge at his trial *de novo*.

Rule 462 is entitled "Trial *De Novo*" and provides, in relevant part, as follows:

> When a defendant appeals after the entry of a guilty plea or a conviction by an issuing authority in any summary proceeding, upon the filing of the transcript and other papers by the issuing authority, the case shall be heard *de novo* by the judge of the court of common pleas sitting without a jury.

Pa.R.Crim.P. 462(A).

As an initial matter, Rule 462(A) does not allow the Commonwealth to appeal any actions taken by a magisterial district court. Rather, the rule permits a defendant to appeal a conviction entered by a magisterial district court. Pursuant to the clear and unambiguous words of Rule 462(A), a judge of a court of common pleas must hear the case *de novo* when a defendant chooses to appeal a summary conviction.

In the context of Rule 462(A), the term "the case," in the second half of the sentence, relates back to the opening phrase's reference to the conviction that the defendant is appealing. Moreover, the rule clearly requires a judge of a court of common pleas to hear the case *de novo*. In this setting, the phrase "trial *de novo*" means a "new trial on the entire case -- that is, on both questions of fact and issues of law -- conducted as if there had been no trial in the first instance." BLACK'S LAW DICTIONARY 1544 (8th ed. 2004). Thus, when a defendant appeals a conviction pursuant to Rule 462(A), a trial court judge should hold a new trial on the entire case, as if no trial had occurred in the magisterial district court. By placing this mandate on a trial court

judge, Rule 462(A) necessarily permits the Commonwealth to prosecute a defendant at the trial *de novo* for the original charge that resulted in the conviction from which the defendant appeals.

Here, when Appellee appealed his conviction for the lesser offense of DUS pursuant to Rule 462(A), the trial court was obligated to conduct a new trial on the entire case as if there had been no trial in the magisterial district court. The entire case included the charged offense of DUS-DUI. Thus, the rule permitted the Commonwealth to prosecute Appellee for DUS-DUI at his trial *de novo*. Indeed, in my view, it is Rule 462's clarity on these points that should have put Appellee on notice that the Commonwealth could seek to prosecute him for DUS-DUI at a trial *de novo*, if Appellee decided to appeal his DUS conviction.

Having reached these conclusions, I now consider Appellee's argument that, regardless of our state rule, the Double Jeopardy Clauses of the Pennsylvania and United States Constitutions nonetheless prohibited the Commonwealth from prosecuting Appellee for DUS-DUI at his trial *de novo* after the MDJ implicitly acquitted him of that crime.

The Double Jeopardy Clause of the Fifth Amendment of the United States Constitution, which is applicable to the States through the Fourteenth Amendment,[2] provides that no person shall "be subject for the same offence to be twice put in jeopardy of life or limb." U.S. Const. amend. V. Similarly, Article I, Section 10 of the Pennsylvania Constitution states, "No person shall, for the same offense, be twice put in jeopardy of life or limb[.]" Pa. Const. art. I, § 10. The protections provided by these constitutional provisions are coextensive. States, 938 A.2d at 1019.

---

[2] Commonwealth v. States, 938 A.2d 1016, 1019 (Pa. 2007).

The state and federal Double Jeopardy Clauses provide citizens with three distinct protections. Commonwealth v. Mills, 286 A.2d 638, 641 (Pa. 1971). These clauses shield a citizen from: retrial by the Commonwealth for the same offense after an acquittal; retrial by the Commonwealth for the same offense after a conviction; and multiple punishments for the same offense. Id. There can be no question that the rights provided by the Double Jeopardy Clauses are deeply rooted in the history and tradition of our country and Commonwealth. See Benton v. Maryland, 395 U.S. 784, 794 (1969) (holding that "the double jeopardy prohibition of the Fifth Amendment represents a fundamental ideal in our constitutional heritage"). However, it is well-settled that defendants can waive even the most fundamental of constitutional rights. In fact, when a defendant pleads guilty to committing a crime, he waives several important constitutional rights, including his right to a jury trial. See Commonwealth v. Petrillo, 16 A.2d 50, 56 (Pa. 1940) (stating that, "[b]ut though the Constitution guarantees to a defendant charged with crime a trial by jury, he may waive trial by jury and plead guilty"). While the word "waiver" can take on several meanings in the law, it ordinarily connotes some kind of voluntary relinquishment of a right. Green v. United States, 355 U.S. 184, 191 (1957). Importantly, defendants can waive constitutional rights in a number of ways, including by implication and conduct or through a colloquy. Commonwealth v. Mallory, 941 A.2d 686, 696-97 (Pa. 2008).

As a general matter, Pennsylvania Rule of Criminal Procedure 462(A) acts as a vehicle by which a convicted criminal defendant waives a defense of double jeopardy. As I observed above, the Double Jeopardy Clauses of the state and federal Constitutions bar the Commonwealth from re-prosecuting a defendant for an offense that the defendant already has been convicted of committing. However, Rule 462(A) grants a defendant convicted by a MDJ the right to appeal his conviction and have his

case decided *de novo* by a judge of a court of common pleas. Obviously, under these circumstances, the Commonwealth again prosecutes the defendant.

Thus, unlike a "typical" direct appeal from a sentence imposed by a court of common pleas and taken to the Superior Court, an appeal brought pursuant to Rule 462(A) is *sui generis* in that it is not predicated upon claims of error; rather, an appeal under Rule 462(A) places the case in front of a judge of a court of common pleas to be heard anew. In other words, a defendant's appeal under Rule 462(A) automatically is successful in that it results in a vacated sentence and conviction and in a new trial without any need to establish that the MDJ erred by convicting or sentencing the defendant. While a defendant who appeals a conviction pursuant to Rule 462(A) receives these benefits, the tradeoff pursuant to this rule is that the defendant waives any double jeopardy defense to the Commonwealth's second prosecution of the defendant for the same offense that led to his initial conviction.[3] Moreover, as I discussed above, Rule 462(A) puts the defendant on notice that the Commonwealth can seek to prosecute him at a trial *de novo* for the case that led to his magisterial-district-court conviction if the defendant chooses to appeal that conviction.

As to the circumstances presented in the matter *sub judice*, when a MDJ convicts a defendant of a lesser-included offense of the charged summary offense, the defendant has a meaningful choice: the defendant can choose to accept the conviction on the lesser-included offense and presumably its accompanying lesser punishment, which would mean that the Commonwealth cannot prosecute the defendant again for

---

[3] As the United States Supreme Court has explained, in the traditional direct appeal setting, "the Double Jeopardy Clause imposes no limitation upon the power of the government to retry a defendant who has succeeded in persuading a court to set his conviction aside, unless the conviction has been reversed because of the insufficiency of the evidence." Oregon v. Kennedy, 456 U.S. 667, 676 n.6 (1982).

the greater offense with which he was charged because double jeopardy attaches and there is no waiver thereof, or he can employ Rule 462(A) to appeal the conviction on the lesser-included offense and receive *de novo* consideration of the entire case by a judge of a court of common pleas. When a defendant voluntarily invokes Rule 462(A) to appeal a conviction of a lesser-included offense of the crime with which he was charged, he does so knowing that his sentence and conviction are vacated, that he will receive a new trial on his case, and that a judge from a court of common pleas will hear the entire case, as if the trial before the district magistrate court had never occurred. The entire case includes the charged, greater offense.

Accordingly, I would hold that when a magisterial district court convicts a defendant of a lesser-included offense of a charged summary offense and the defendant chooses to appeal that conviction pursuant to Pennsylvania Rule of Criminal Procedure 462(A), the defendant makes an informed decision to waive his double jeopardy defense to being prosecuted at the trial *de novo* for the original, charged summary offense.[4] Because Appellee invoked Rule 462(A) by voluntarily appealing his conviction for the lesser-included offense of DUS, the trial court correctly concluded that Appellee waived his double jeopardy defense to the greater offense of DUS-DUI at his trial *de novo*.

---

[4] I acknowledge that, in Green v. United States, 355 U.S. 184 (1957), the United States Supreme Court addressed a double jeopardy issue that shares some similarities to the issue in this matter and that the Court resolved that issue differently than I have decided it. However, the High Court's conclusion in Green did not require any consideration of the unique appellate procedure embodied by Rule 462(A), which put Appellee on notice of the trial court's obligation to consider the case *de novo*. Rather, the Green Court was faced with a double jeopardy claim presented in a traditional direct appeal from a conviction and sentence. Indeed, my previous conclusions in this case are grounded in Rule 462(A)'s distinct requirement that a trial judge should hear a case *de novo* when a defendant appeals a conviction entered by a MDJ, and a defendant's concomitant waiver of an otherwise valid double jeopardy defense.

Lastly, in my view, the Majority's holding to the contrary negatively alters the manner in which criminal cases must be tried in magisterial district courts. These community-level courts act as gatekeepers in relatively minor criminal matters. They are called upon to dispense justice in a less formal and more efficient manner than are the courts of common pleas. MDJs undoubtedly need a number of tools at their disposal in order to fulfill their roles effectively and within the bounds of the law.

Unfortunately, today's ruling strips these judges of one very important tool: they no longer, in the words of the trial judge in this case, can give defendants "a break" by tailoring their convictions in ways to provide leniency when leniency is the just result. See Trial Court Opinion, 1/21/2014, at 4. This is so because, while a MDJ's non-record decision to convict a defendant in a lenient fashion may be well intended, a defendant now can invoke Rule 462(A) to manipulate that leniency into a potential windfall. Consequently, I caution MDJs to consider carefully whether to convict a defendant of anything less than the Commonwealth's evidence demonstrates beyond a reasonable doubt, even when the Commonwealth agrees that leniency toward a defendant is the preferred outcome. It is indeed unfortunate that Appellee and this Court's Majority may well have deprived future defendants of reasoned judicial compassion with this decision.

For these reasons, I would respectfully reverse the Superior Court's order and reinstate Appellee's conviction for DUS-DUI and the judgment of sentence imposed upon him by the trial court.